IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE A. MCDONALD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DALLAS COUNTY, DALLAS COUNTY | § | Civil Action No. 3:06-CV-771-L |
| SHERIFF'S DEPARTMENT, and LUPE | § | |
| VALDEZ, | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants' Motion to Dismiss, filed December 14, 2006; (2)

Plaintiff's Motion to Amend Complaint, filed February 13, 2007; (3) Defendants' Appendix in

Support of Defendants' Motion to Dismiss (to be converted to Motion for Summary Judgment), filed

March 23, 2007; and (4) Plaintiff's Motion to Strike Appendix in Support of Defendants' Motion

to Dismiss, filed April 2, 2007. After careful consideration of the motions, responses, reply, record,

and applicable law, the court **denies** Defendants' Motion to Dismiss, **denies as moot** Plaintiff's

Motion to Amend, **grants** Defendants' request to convert its motion to dismiss to a motion for

summary judgment, and **denies as moot** Plaintiff's Motion to Strike.

## I.      Procedural and Factual Background

Plaintiff Bruce A. McDonald ("McDonald" or "Plaintiff") filed this action on April 27, 2006

pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution. McDonald contends that Defendants Dallas County,

Dallas County Sheriff's Department, and Lupe Valdez (collectively, "the County" or "Defendants")

**Memorandum Opinion and Order - Page 1**

failed to provide him with adequate medical attention after he suffered an eye injury while in custody.  McDonald alleges that his constitutional right to receive medical treatment was violated because the County breached its duty to implement the necessary policies and procedures required to ensure this right.  McDonald seeks to recover damages for past and future physical and mental pain and suffering, impairment, disfigurement, medical expenses, and attorney's fees.

According to Plaintiff's Complaint, on April 27, 2005, while incarcerated in the Dallas County Jail, another prisoner struck McDonald in the left eye.  Compl. ¶ 16.  Although the event was immediately brought to a floor officer's attention, McDonald did not receive medical treatment.  *Id*. A week passed, and McDonald's vision worsened; after he notified a floor officer a second time he was taken to the nurse's station.  *Id*. ¶ 17.  Two days later, on approximately May 5, 2005, McDonald was taken to the hospital where he was told that his injury required immediate surgery. *Id*. ¶ 18.  At this time, an appointment was scheduled for surgery but, for reasons unknown to him, McDonald was never transported to the hospital.  *Id*.  During the following weeks, the County failed to take McDonald to two additional scheduled appointments.  *Id*. ¶¶ 21-23.  Despite the doctor having  expressed concerns regarding the urgency of the surgery, Plaintiff continued to complain and did not receive his surgery until June 14, 2005.  *Id*. ¶ 23.  Due to the delay of medical care, doctors informed McDonald that he would never recover his vision in his left eye.  *Id.* ¶ 24.

McDonald alleges that previous government investigations show that, for many years, despite  investigator recommendations for improvement, the Dallas County Jail has continually failed to provide adequate medical care to its inmates.  *Id.* ¶¶ 13-15.  Plaintiff alleges that these problems include inadequate policies, procedures, training methods, and customs.  *Id*. ¶ 14.

**Memorandum Opinion and Order - Page 2**

McDonald alleges that the County relies on its officers to personally transfer inmate requests to medical officials, but such transfers do not always happen.  *Id*.

The County moved to dismiss all of Plaintiff's claims, arguing that they fail to state a claim upon which relief may be granted because McDonald is barred from filing this action for failure to specifically plead compliance with the exhaustion requirement of the Prisoner Litigation Reform Act of 1995 ("PLRA").  Plaintiff argues that his complaint does state a claim upon which relief can be granted, but if the court grants Defendants' motion, he moves in the alternative for leave to amend. Defendants replied that their motion alleged  "total failure" to comply with the PLRA. A week later, Defendants filed a document titled "Appendix In Support of Defendants' Motion to Dismiss (to be converted to Motion for Summary Judgment)." Plaintiff moved to strike the Appendix, and requested  in the alternative, if the court decides to convert the Defendants' motion to dismiss to a motion for summary judgment, that he be given reasonable time to respond to the motion.

## II.     Legal Standard

### A. Rule 12(b)(6)-Standard for Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514

(2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.  *Lowrey*, 117 F.3d at 247.  A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004).

## III.   Analysis

### A.   Motion to Dismiss

The County argues that McDonald never pled his compliance with the exhaustion requirement of the PLRA, pursuant to 42 U.S.C. § 1997e(a).  The County then argues in its reply that the basis of its motion is Plaintiff's "total failure to comply with the [PLRA]."  Defs'. Reply 1. Despite Plaintiff's alleged mis-characterization of Defendants' Motion to Dismiss, the court

considers whether dismissal pursuant to Rule12(b)(6) is appropriate. Plaintiff respond that Defendants' motion fails for two reasons: first, the Supreme Court has recently held that exhaustion is an affirmative defense, *Jones v. Bock,* 127 S. Ct. 910, 921 (2007),  and second, Defendants' motion was not timely filed.

The court first considers whether Defendants' motion is timely. Plaintiff argues that it is untimely because it was filed six months after the Defendants' answer.  Pursuant to Rule 12(b), a motion to dismiss under 12(b)(6) "shall be made before pleading, if a further pleading is permitted." Fed. R. Civ. P. 12(b).  Defendant can preserve its right to move to dismiss, however, if the answer asserts Plaintiff's failure to state a claim. *Delhomme v. Caremark Rx Inc.,* 232 F.R.D 573, 576-77 (N.D. Tex. 2005).  Plaintiff argues that Defendants did not preserve their right to seek dismissal because they failed to expressly assert failure to state a claim upon which relief can be granted  as an affirmative defense.

Although Defendants filed an answer to the complaint before submitting their Rule 12(b)(6) motion, they did plead that "the County specifically denies that the Plaintiff has stated a claim for damages against it upon which this Court may grant relief."  Defs'. Answer ¶ 4.  Defendants pled as an affirmative defense that "plaintiff has failed to exhaust available administrative remedies or satisfy all conditions precedent prior to the institution of this suit," and argue that this language put Plaintiff on notice of their intent to raise "failure to state a claim" as a defense.  Defs'. Reply 2.

The court concludes that, although "failure to state a claim" was not specifically pled by Defendants as an affirmative defense, Defendants did assert this in their Answer sufficiently to preserve their right to bring a later motion to dismiss.  Accordingly, the court considers Defendants' motion timely filed.

The County argues that Plaintiff is barred from bringing this action because he has not pled

compliance with the exhaustion requirement.  Since the PLRA's Amendment, this court has taken

a strict approach to the mandatory exhaustion requirement, and requires a prisoner to exhaust all

available administrative remedies before bringing a civil action challenging prison conditions.

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.

2003).  With respect to allegations of the futility of administrative remedies, the Supreme Court has

noted that "[it] will not read futility or other exceptions into statutory exhaustion requirements where

Congress has provided otherwise . . . ." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also*

*Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002).  Both the Amendment and *Booth* make

exhaustion mandatory regardless of the relief offered through administrative procedures, thus

eliminating both the court's discretion to dispense with administrative exhaustion and the condition

that the remedy be "plain, speedy, and effective" before exhaustion could be required.  *Booth*, 532

U.S. at 741.

Administrative remedies include requiring a prisoner to notify the Sheriff's department, in

the form of a written grievance, if an alleged wrong has been committed against him. Defs'. App.

56.  The County argues that while McDonald filed grievances concerning other subsequent events,

there is no record of grievances filed with regard to the lack of adequate medical treatment he

received, which is the basis for this action.

The Supreme Court has recently held that "failure to exhaust is an affirmative defense under

the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their

complaints." *Jones* 127 S. Ct. at 921.  Although the Fifth Circuit Court of Appeals has not yet

published an opinion applying *Jones*, in unpublished opinions the court has held that a district court

errs by dismissing a case simply because a plaintiff did not demonstrate in his pleadings that he had

**Memorandum Opinion and Order - Page 6**

exhausted his remedies.  See Barker v. Taylor, 2007 WL 1108033, *1 (5ᵗʰ Cir. Apr. 9, 2007); *Weaver*

*v. Vonda*, 2007 WL 1010466, *1 (5ᵗʰ Cir. Mar. 28, 2007).  In light of the court's decision in *Jones,*

the County acknowledges that a motion for summary judgment may be appropriate.  Defs'. Reply

4.

Because exhaustion of administrative remedies is an affirmative defense that a defendant

must "plead and prove," *Jones,* 127 S. Ct. at 915, dismissal of Plaintiff's complaint pursuant to Rule

12(b)(6) is not appropriate. The court therefore **denies** Defendants' Motion to Dismiss and also

**denies as moot** Plaintiff's Motion for Leave to Amend.

### B.        Summary Judgment Conversion and Plaintiff's Motion to Strike

Because a motion to dismiss is inappropriate, the court considers Defendants' request to

convert the motion to dismiss to a motion for summary judgment.  In support of this request,

Defendants filed an Appendix which included affidavits, records, and jail documents.  Defendants

argue that the evidence shows McDonald's failure to exhaust available administrative remedies.

McDonald moved to strike the Appendix arguing that the Appendix was filed after Plaintiff

responded to Defendants' motion to dismiss and Plaintiff will be prejudiced without an opportunity

to respond.  The County argues that the issue is still the same, regardless of the procedural device

used, because McDonald was put on notice by Defendants' answer filed five months ago of their

intent to raise the exhaustion issue.  The County contends that the issue remains whether the Plaintiff

filed a grievance concerning the complaints he now asserts in this lawsuit.

This court has discretion to convert a motion to dismiss into a motion for summary judgment

and thereby considers the matters submitted by the parties that are beyond the pleadings

in light of Rule 56 of the Federal Rules of Civil Procedure.  *Isquith v. Middle South Utilities, Inc*.,

847 F.2d 186, 193 (5ᵗʰ  Cir. 1988).  This discretion is exercised on the basis of a determination of

**Memorandum Opinion and Order - Page 7**

whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action. *Id.*

The court **grants** Defendants' request to convert their motion to dismiss into a motion for summary judgment, but will not rule on the motion for summary judgment until Plaintiff has a chance to respond. Accordingly, the court **deems** Defendants' Motion for Summary Judgment filed **June 21, 2007**. Plaintiff may file a response and Defendants may file a reply within the deadlines set out by the Local Rules of this court. Because Plaintiff will have an opportunity to respond, Plaintiff's Motion to Strike is **moot** and should be **denied**. The court notes that Defendants have subsequently filed a Motion for Summary Judgment on June 4, 2007 on grounds other than exhaustion, and that the parties filed a joint stipulation on June 5, 2007 asking the court to "table" the motion for summary judgment until the court rules on the motion to dismiss. Because the court converts the motion to dismiss to a motion for summary judgment, the court stays the parties' deadlines to respond to the motion filed June 4, 2007 until, and if necessary, the court considers and rules on the converted motion for summary judgment.

## IV. Conclusion

For the reasons stated herein, dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6) is inappropriate. Accordingly, the court **denies** Defendants' Motion to Dismiss. The court also **denies as moot** Plaintiff's Motion to Amend, **grants** Defendants' request to convert its motion to dismiss to a motion for summary judgment, and **denies as moot** Plaintiff's Motion to Strike. Plaintiff shall

**Memorandum Opinion and Order - Page 8**

file a response on or before **July 11, 2007,** and Defendants' reply shall be filed in accordance with

the Local Rules.

      **It is so ordered** this 21st day of June, 2007.

                                      Sam A. Lindsay
                                      United States District Judge

**Memorandum Opinion and Order - Page 9**