IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRUCE A. MCDONALD**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-0771-L** |
| | § | |
| **DALLAS COUNTY, DALLAS COUNTY SHERIFF'S DEPARTMENT, and LUPE VALDEZ**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants' converted motion for summary judgment, filed June 21, 2007[*]; and (2) Plaintiff's Motion to Strike Defendants' Supplemental Appendix in Support of Defendants' Reply to Plaintiff's Response to Defendants' Converted Motion for Summary Judgment, filed August 3, 2007. After carefully considering the motions, briefing, record, and applicable law, the court **denies** Defendants' converted motion for summary judgment and **denies** Plaintiff's Motion to Strike Defendants' Supplemental Appendix in Support of Defendants' Reply to Plaintiff's Response to Defendants' Converted Motion for Summary Judgment.

---

[*]Defendants filed their Motion to Dismiss on December 14, 2006. With their reply, filed on March 14, 2007, Defendants filed an appendix and asked the court to convert their motion to a motion for summary judgment. On June 21, 2007, the court granted this request, converted the motion to a motion for summary judgment, and allowed for subsequent briefing. Before the court ruled and converted the motion to dismiss, Defendants filed a separate Motion for Summary Judgment on June 4, 2007. The parties stipulated that "no response to the June 4, 2007 motion for summary judgment will be required to be filed by the Plaintiff until further order of the court." Joint Stipulation (June 5, 2007), 2.

**Memorandum Opinion and Order - Page 1**

I.   **Procedural and Factual Background**

Plaintiff Bruce A. McDonald ("Plaintiff" or "McDonald") filed his Original Complaint on April 27, 2006 against Defendants Dallas County, Dallas County Sheriff's Department, and Lupe Valdez. Plaintiff asserts that Defendants were deliberately indifferent to his medical needs, and violated the Fifth, Eighth, and Fourteenth Amendments. Accordingly, he has brought a claim against them for these constitutional violations pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that on April 27, 2005, while in the custody of the Dallas County Sheriff's Department, he sustained an eye injury when he was struck by another prisoner. Orig. Compl. ¶ 16 (hereinafter, "Complaint"). He contends that although he brought his injury to the attention of a floor officer, he was not taken to see a doctor or nurse. *Id*. Plaintiff claims that on May 3, 2005, he woke to find that his vision in the left eye was severely diminished and that only then was he taken to the nurse's station. *Id*. ¶ 17. According to Plaintiff, he was not taken to the hospital for treatment until May 5, 2005, when he was taken to Parkland Hospital and was told that he needed surgery. *Id*. ¶ 18. Plaintiff alleges, however, that he was never taken to Parkland for his surgery appointment. *Id*.

McDonald alleges that he repeatedly complained about his need to return to Parkland, but that he never was taken to the hospital until May 19, 2005. *Id*. ¶¶ 19-20. He contends that he was told again that he needed surgery, but that no one took him back to the hospital for his appointment. *Id*. ¶ 21. According to Plaintiff, his condition worsened, yet no one took him back to the hospital until June 2, 2005, though he was unable to see an ophthalmologist on that date. *Id*. ¶ 22. He did see a doctor at Parkland on June 3, 2005, who set another appointment for surgery. *Id*. ¶ 23. Plaintiff contends that he did not have his surgery until June 14, 2005. *Id*. He complains that on

August 10, 2005, doctors informed him that he would never recover vision in his left eye because of the delay in providing surgery. *Id*. ¶ 24.

Defendants moved to dismiss Plaintiff's claims on December 14, 2006. They argued that Plaintiff had failed to comply with the mandatory requirement that he exhaust all administrative remedies. After Defendants filed their motion, the Supreme Court ruled in *Jones v. Bock* that exhaustion is an affirmative defense and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. 910, 921 (2007). Accordingly, the court converted the motion to dismiss to a motion to summary judgment and now considers the parties' arguments and evidence regarding Defendants' defense of exhaustion.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.    Analysis

Defendants argue that Plaintiff failed to exhaust his administrative remedies, and that his claims should therefore be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. §

1997e(a). They contend that while Plaintiff filed some grievances, and attach these grievances to their original motion to dismiss, he did not file any grievance related to his claims in this case. Defendants also attached as evidence the grievance procedures, the Dallas County Jail Inmate Handbook, and a "buff card" that they contend shows McDonald's receipt of the Inmate Handbook.

Plaintiff contends that he filed three grievances related to his eye injury and his requests for medical care. He attaches an affidavit in support, stating that on three occasions, he filled out a grievance form and handed it to a Dallas County floor officer. McDonald Aff. ¶¶ 12, 15-16. He states that he never received a copy of the grievances forms or any response to his grievances. *Id*. He contends that he never received the Inmate Handbook or a document regarding the grievance procedure. *Id*. ¶ 18. He argues that summary judgment is inappropriate because Defendants cannot show that administrative remedies were available to Plaintiff or whether he complied with the grievance procedure. Plaintiff also argues that the Department of Justice studied the Dallas County Jail and determined that "the grievance system at the Jail is not effective when inmates seek relief for inadequacies in medical care." Pl.'s App. 26.

The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has recently held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 127 S. Ct. at 921.

The court recognizes that there may be exceptions to the mandatory exhaustion requirement if the grievance procedure is not "personally obtainable." *Days v. Johnson*, 322 F.3d 863, 867 (5th

**Memorandum Opinion and Order - Page 5**

Cir. 2003). The court need not determine whether the grievance procedure was generally available or whether it was specifically available to Plaintiff. There is a genuine issue of material fact before the court regarding whether McDonald used the grievance procedure. He presents evidence that he filed three separate grievances regarding his medical care; Defendants point to the computer records and argue that there is no evidence of him filing any grievance.

Defendants contend that they are "befuddled" by Plaintiff's failure to state that he had filed a grievance until July 11, 2007, and imply that he only recently remembered filing a grievance. The court notes first that Plaintiff was under no burden to produce any evidence that he had complied with the grievance procedure in his pleadings. District courts err in dismissing a case simply because a plaintiff did not plead that he or she had exhausted his or her administrative remedies. *See Barker v. Taylor*, 2007 WL 1108033, *1 (5th Cir. Apr. 9, 2007); *Weaver v. Vonda*, 2007 WL 1010466, *1 (5th Cir. Mar. 28, 2007).

Defendants also argue that the intent of the PLRA "will be frustrated if, as here, the jail authority submits evidence that no grievance was filed . . . concerning the complaint at issue and then the inmate does no[] more than merely state that he 'did too' file a grievance." Reply 5. The court recognizes Defendants' frustration, but, as the Court noted in *Jones*, "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." 127 S. Ct. at 919. In this case, Plaintiff did more than "state that he 'did too' file a grievance." He made a sworn statement before a notary, stating that he filed three grievances regarding his medical care. Granting summary judgment in favor of Defendants on this issue would be improper, because it would necessarily require making a credibility determination, which a court may not do, about Plaintiff's affidavit in light of Defendants' conflicting evidence. Given that

**Memorandum Opinion and Order - Page 6**

exhaustion is an affirmative defense that must be proved by Defendants, Plaintiff's sworn affidavit is enough to raise a genuine issue of material fact and defeat summary judgment.

To the extent that Plaintiff objected to Defendants' summary judgment evidence, these objections are **overruled as moot**. The court also **denies** Plaintiff's Motion to Strike Defendants' Supplemental Appendix in Support of Defendants' Reply to Plaintiff's Response to Defendants' Converted Motion for Summary Judgment.

## IV.  Conclusion

For the foregoing reasons, the court determines that there is a genuine issue of material fact regarding Defendants' affirmative defense of exhaustion. The court **denies** Defendants' converted motion for summary judgment and **denies** Plaintiff's Motion to Strike Defendants' Supplemental Appendix in Support of Defendants' Reply to Plaintiff's Response to Defendants' Converted Motion for Summary Judgment.

On June 4, 2007, Defendants filed a second motion for summary judgment and the parties agreed to stay the briefing pending the court's decision on the converted motion for summary judgment. Because the court has now ruled, Plaintiff is **directed** to respond to the June 4, 2007 motion for summary judgment. Any response must be filed within twenty days of the date of this order. If Defendants choose to file a reply, it must be filed within fifteen days of Plaintiff's response.

**It is so ordered** this 5th day of October, 2007.

_____
Sam A. Lindsay
United States District Judge